## Rollin v. Rolley

*W. Albert Ramey*, for plaintiff.
*Edward T. Kelley*, for defendant.

PENTZ, P. J., February 26, 1954.—Defendant in this matter has filed a petition asking leave of court to join additional defendant, after 60 days have elapsed from the date of service upon original defendant, of the initial pleading of plaintiff, as provided by Rule 2253 of the Civil Procedural Rules.

The complaint of Edith Rollin, plaintiff, against Bernard Rolley, defendant, was filed December 4, 1953, and served upon original defendant, Bernard Rolley, on December 7, 1953. Appearance was entered in behalf of defendant on January 11, 1954, more than 20 days after date of service of the complaint. Being an action of trespass, no answer was filed.

The case was placed on the trial list for February term, listed for trial the week of March 1, 1954, and pretrial conference thereon was held on February 18, 1954.

The printed trial list was issued around the first of February. At the pretrial conference it was agreed that the case would be tried before the court without a jury, under an agreement prevalent among counsel in Clearfield County, for trial of cases involving $500

or less. The excess amount over $500, set forth in the complaint, was waived as requiring trial with a jury. It was stipulated the case would be fixed at a time agreeable to the court, following the last week of court beginning March 8th, and the court fixed March 18th as the date for trial before the court without a jury.

On February 24, 1954, counsel for defendant presented a petition for leave to issue præcipe to join William Rollin, the driver of plaintiff's vehicle, as additional defendant; setting forth that William Rollin was alone liable to plaintiff; that William Rollin was driving plaintiff's car, and by reason of the place he parked the car, the accident was caused, stating that such was discovered on additional investigation; this being the only reason advanced for the delay in presenting the petition, although the complaint sets forth that William Rollin was driving plaintiff's car, and that William Rollin had parked the vehicle on the highway at such place at or near where the accident occurred, resulting in damage to plaintiff's vehicle.

The attorney for plaintiff filed objection to the extension of time to file the præcipe for additional defendant.

The allowance of additional time, beyond the 60-day limit, is allowed only by the court upon cause shown, and has been construed in Lambert, Admrx. v. Webb Manufacturing Company, 77 D. & C. 363, and following Scureman et ux. v. Perkiomen Realty Co., 47 D. & C. 361, lays down this rule:

"The petition for the allowance of the filing of a præcipe after the 60-day period should contain: first, some reasonable justification or excuse for the delay; and second, a statement of the facts alleged to render the proposed additional defendant alone liable or liable with or liable over to defendant.

"Since the objection here comes from proposed additional defendant alone, we may add to the above rule

that an extension of the 60-day period must not work an undue hardship upon proposed additional defendant nor prejudice his substantive rights."

In 4 Anderson on Pennsylvania Civil Practice, there is a comment on page 426, with respect to rule 2253:

"That the præcipe to join an additional defendant is filed too late, is personal to the additional defendant. No other party may raise the objection nor is it a defect of so fundamental a nature that the Court should raise the objection of its own motion. If the additional defendant does not raise the objection it is deemed waived."

The statement and discussion in Lambert, Admrx., v. Webb Manufacturing Co., supra, indicates that a plaintiff may object to the request for extension of time, and would seem to this court to be contrary to the comment of Anderson, which apparently is Anderson's own opinion. In Goodrich-Amram, on page 40, in its discussion of rule 2253 and extension of time, it is stated as follows:

"Ordinarily, the bar of the passage of the sixty day period will not be waived by the court. The substantive rights of the moving party will not be prejudiced by refusing to permit the joinder of the additional defendant. If the moving party has a claim against the proposed additional defendant, he may bring a subsequent separate action against him and thus, while subjected to delay, his substantive rights are not impaired. Or if the contention of the moving party is that the proposed additional defendant is solely liable to the plaintiff, the defendant may assert that defense in the plaintiff's action even though the proposed additional defendant is not joined as a party to the action."

The comment in Goodrich-Amram is very pertinent to the case before the court. As noted above, the complaint disclosed the fact that the proposed additional defendant did park the car on the highway, and that

original defendant did run into the parked car. These facts were apparent when the appearance for original defendant was entered, and no additional investigation would be necessary. The assertion that additional defendant is solely liable to plaintiff is a conclusion of law, and not any fact not already on record in the complaint.

Therefore, relying on the inferences to be taken from Lambert, Admrx., v. Webb Manufacturing Co., supra, and the comment of Goodrich-Amram, the petition for leave to extend time in which to bring in additional defendant is refused.